UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6250-CR-FERGUSON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KIMBERLY CRESPI,

    Defendant.

_____/

## DEFENDANT'S REQUEST FOR MINOR ROLE REDUCTION

Defendant, Kim Crespi, through counsel, respectfully asks the Court to reduce her Total Offense Level by two levels to reflect the minor role she played in this offense. In support, Defendant states as follows:

**I.  ROLE IN THE OFFENSE.**

As reflected in the PSI, Kim Crespi traveled to Jamaica and returned to Ft. Lauderdale on August 28, 2000, with approximately 500 grams of cocaine concealed on her body. Ms. Crespi had been recruited by an acquaintance named Anthony McCatty in Fort Lauderdale. (PSI at 5). Mr. McCatty told Ms. Crespi that she would be paid for being a courier, but she is not sure how much she was going to receive. (PSI at 5). Ms. Crespi was supposed to deliver the cocaine to him in Fort Lauderdale. (PSI at 6). That was to be the end of Ms. Crespi's involvement in this smuggling venture. Defendant respectfully suggests that these facts support a reduction of two levels for role in the offense.



§ 3B1.2 of the Sentencing Guideline reads, in pertinent part, as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2.

The Sentencing Guidelines were recently amended to clarify the application of this section in a drug courier context. To begin with, the Commission has directed sentencing courts to look beyond the four corners of the indictment to define a participant. "A 'participant' is a person who is criminally responsible for the commission of the offense, but **need not have been convicted**." U.S.S.G. § 3B1.1, comment (n.1) (emphasis added). See also United States v. Bierley, 922 F.2d 1061, 1065 (3rd Cir. 1990) ("the fact there is only one 'defendant' does not necessarily mean that there was only one 'participant' for purposes of 3B1.1").

In essence, the Guidelines require the sentencing court to consider all the criminally culpable participants in the criminal scheme, even those who were not caught. As the Eleventh Circuit has stressed, a sentencing court must look to all the *relevant conduct* of the necessary participants in the underlying scheme, not simply the elements in the indictment. United States v. Costales, 5 F.3d 480, 484 (11th Cir. 1993) (emphasis added). The Guidelines specifically direct courts to make individual determinations in each case, and the trial court must consider the defendant's conduct in relationship to the participants involved in the criminal activity. See U.S.S.G. Ch. 3, Part B, Introductory Commentary; U.S.S.G. § 1B1.3.

2

The commentary to U.S.S.G. § 3B1.2 explains that the mitigating role adjustment provides "a range of adjustments" for a defendant who "plays a part in committing the offense that makes her substantially less culpable than the average participant." U.S.S.G. § 3B1.1, comment (n.3). The Commentary makes clear that this adjustment **is available** for a drug courier. "[A] defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under Section 1B1.3 only for the quantity of drugs the defendant personally transported or stored **is not precluded from consideration for an adjustment under this guideline.**" U.S.S.G. § 3B1.1, comment (n.3) (emphasis added).

The application of this section "involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.1, comment (n.3). The decision rests with the discretion of the sentencing court, and appellate courts will accord "deference to the district court's discretion in this uniquely fact-intensive inquiry." United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (*en banc*). Accordingly, a sentencing court's determination will be disturbed on appeal only where there is clear error. Id. at 938.

De Varon directs a sentencing court considering a mitigating role adjustment to look to two principles: "first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." Id. at 940.

The first principle simply requires the sentencing court "to measure the defendant's role against the relevant conduct for which she has been held accountable." Id. A mitigating role adjustment may not be determined with reference to some larger conspiracy, whether charged or not, but must be confined to the relevant conduct for which the defendant has been held responsible. Id.

3

at 942. In this context, the amount of drugs involved in the relevant conduct "is a material consideration in assessing a defendant's role in her relevant conduct." Id.

The second guiding principle espoused in De Varon "is that the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct." Id. at 944. This, again, is a "fact-intensive inquiry," as the sentencing court must weigh the defendant's conduct against the conduct of other identifiable participants in the relevant conduct attributed to the defendant. Id. If the court determines that the defendant was less culpable than most other participants in the relevant conduct, a downward adjustment is warranted. Id.

In the context of a drug courier, as in this case, the Eleventh Circuit offers some guidance as to what factual considerations are relevant. These factors include "amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." Id. at 945. This list is meant to be illustrative, not exhaustive. "In the final analysis, this decision falls within the sound discretion of the trial court." Id.

The factors identified in De Varon weigh in Ms. Crespi's favor in this case. The relevant conduct in this case is 521 grams of cocaine. While this is not a small amount, it is a fairly routine quantity for a body carry drug smuggler in this District. Ms. Crespi's role with respect to that relevant conduct was minor compared to at least one other identifiable individual. Anthony McCatty recruited Ms. Crespi and convinced her to try this importation. He was supposed to receive the cocaine here in Fort Lauderdale and was going to pay Ms. Crespi for her efforts. On the other end of the importation, there was a supplier of cocaine, although Ms. Crespi does not know (or does not

recall) his name. Once the cocaine was delivered to McCatty, Ms. Crespi was supposed to be paid for her role as a courier, and then was to play no further role in this smuggling venture.

On the whole, the known facts support a mitigating role adjustment for Ms. Crespi. Accordingly, Defendant respectfully asks the Court to grant a two level downward adjustment of her offense level to reflect her minor role in the offense.

Respectfully submitted,

KATHLEEN WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Patrick M. Hunt
  Assistant
Federal Public Defender
Attorney for Defendant
Florida Bar No. 571962
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436/FAX 954/356-7556

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was mailed/delivered this 6th day of February, 2003 to Jeffrey Kay, United States Attorney's Office at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 and Donna Wilmot, United States Probation Officer at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

_____
Patrick M. Hunt